1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

VAN KEYSHONE ROLLEN,

Case No. 5:18-cv-01042-RGK-MAA

12

Petitioner,

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

13

v.

14

M.E. SPEARMAN,

15

Respondent.

16
17

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended

18

Petition ("SAP"), the other records on file herein, and the Report and

19

Recommendation of the United States Magistrate Judge. The Court also has

20

reviewed Petitioner's Objections to the Report and Recommendation, which the

21

Court received and filed on February 22, 2021 ("Objections"). (Objs., ECF No.

22

71.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has

23

engaged in de novo review of the portions of the Report and Recommendation to

24

which Petitioner specifically has objected.

25

First, Petitioner asserts that the Report and Recommendation "assumes facts

26

not in evidence," misrepresents or misquotes evidence, and "calls for speculation."

27

(*Id.* at 1.) However, Petitioner does not specify which portion of the Report and

28

1    Recommendation he is referring to.  (*Id.*)  Petitioner's argument lacks merit.  The

2    Magistrate Judge properly relied on the state court record, including the trial and

3    preliminary hearing transcripts, and the factual summary provided in the California

4    Court of Appeal's opinion.  (*See* Rep. & Recommendation, ECF No. 60, at 3–6, 9–

5    11, 14–15.)  *See* 28 U.S.C. § 2254(e)(1) (providing that the state court's factual

6    findings are entitled to a presumption of correctness), (g) (providing that certified

7    copies of official state court records are admissible in federal habeas proceedings).

8         Next, Petitioner appears to argue that he is entitled to discovery in the instant

9    proceedings pursuant to Federal Rule of Civil Procedure 26(b), although it is

10   unclear what specific discovery Petitioner seeks.  (Objs. 2–3.)  However, "[a]

11   habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

12   discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904

13   (1997).  Under Rule 6 of the Rules Governing Section 2254 Cases in the United

14   States District Courts ("Section 2254 Rules"), "[a] judge may, for good cause,

15   authorize a party to conduct discovery under the Federal Rules of Civil Procedure

16   and may limit the extent of discovery."  Rule 6(a), Section 2254 Rules.  Rule 6

17   requires as follows:  "A party requesting discovery must provide reasons for the

18   request.  The request must also include any proposed interrogatories and requests

19   for admission, and must specify any requested documents."  Rule 6(b), Section

20   2254 Rules.  Here, Petitioner has not met this standard because he has not requested

21   any specific discovery in the form of proposed interrogatories, requests for

22   admission, or document requests, and also has not established good cause for such

23   discovery.  (*See* Objs. 2–3.)[1]

24   _____

25   [1] Petitioner included a broad reference to discovery in his Reply, but did not make
     any specific discovery requests or explain why discovery was warranted.  (Reply,

26   ECF No. 7, at 10.)  Petitioner also requested an evidentiary hearing in his Reply.
     (*See id.*)  However, Petitioner did not include this request in his SAP or Objections.

27   (*See* SAP, ECF No. 44; Objs.)  In any event, Petitioner has not shown that an

28   evidentiary hearing is warranted.  *See Cullen v. Pinholster*, 563 U.S. 170, 183

1    Petitioner also alleges that certain July 27, 2012 police reports were

2    incomplete because they did not include photographs of the victims' injuries.

3    (Objs. 4–5.)  Although his line of reasoning is somewhat difficult to follow,

4    Petitioner appears to argue that the lack of photographic evidence bolsters his

5    ineffective assistance of counsel claim because his counsel should have presented

6    testimony from Officer Koahou regarding the lack of photographs, and such

7    testimony would have created a reasonable doubt as to Petitioner's guilt.  (*See id.*)

8    However, Petitioner did not include these allegations regarding the police reports

9    and lack of photographs in his SAP.  (*See* SAP, ECF No. 44.)  The Court declines

10   to address this argument, as it relies on factual allegations that could have been, but

11   were not, presented in the SAP.  *See United States v. Howell*, 231 F.3d 615, 623

12   (9th Cir. 2000) (district court may decline to consider new factual allegations raised

13   for the first time in objections to a magistrate judge's recommendation, where such

14   allegations were available before the magistrate's proceedings ever began).

15       In sum, the Court finds no defect of law, fact, or logic in the Report and

16   Recommendation.  The Court concurs with and accepts the findings, conclusions,

17   and recommendations of the United States Magistrate Judge, and overrules the

18   Objections.

19       IT THEREFORE IS ORDERED that (1) the Report and Recommendation of

20   the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the

21   Petition and dismissing this action with prejudice.

22

23   DATED: March 18, 2021

24   _____

25   R. GARY KLAUSNER
     UNITED STATES DISTRICT JUDGE

26   _____

27   (2011) ("[W]hen the state-court record precludes habeas relief under the limitations
     of § 2254(d), a district court is not required to hold an evidentiary hearing."

28   (citations and quotations marks omitted)).

3